# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3696

_____

| | | |
|---|---|---|
| Sandra V. Morrissey, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| General Mills, Inc., | * | [UNPUBLISHED] |
| a Delaware Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 14, 2002

Filed: June 20, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Sandra V. Morrissey appeals an adverse grant of summary judgment on her claims that her former employer, General Mills, Inc., violated her rights under the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA). We affirm the district court.[*]

_____

[*]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

In 1996, Morrissey was diagnosed with Alpha 1–Antitrypsin Deficiency (A1AD), a progressive condition that attacks the lungs, causing difficulty breathing and making the lungs especially vulnerable to infection. (Because Alpha 1-Antitrypsin is a protein produced by the liver, A1AD may also cause liver damage.) In June 1998, Morrissey's A1AD became worse and Morrissey scheduled a meeting with General Mills officials to discuss working from home ("telecommuting") as a possible accommodation for her disability. Morrissey broke her leg and was unable to attend the meeting, but General Mills still evaluated whether the essential functions of an inventory accountant (Morrissey's position) could be performed by telecommuting. In September 1998, General Mills told Morrissey the inventory accountant position was not compatible with telecommuting, and no other telecommuting positions were available at that time. Morrissey later began receiving disability benefits. In January 2000, Morrissey filed the present lawsuit. Two and one-half weeks later, General Mills offered Morrissey a part-time, telecommuting position which she turned down. After the district court reviewed the parties' depositions, it granted General Mills's motion for summary judgment.

We review summary judgment de novo, viewing the facts in the light most favorable to the non-moving party and affirming if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Heaser v. Toro Co., 247 F.3d 826, 830 (8th Cir. 2001) (standard of review). On appeal, Morrissey argues General Mills reasonably could have accommodated her disability by allowing her to telecommute. General Mills argues the district court was correct in concluding this accommodation would have imposed an undue burden on General Mills and thus the accommodation was not required by law. Although an employer is required reasonably to accommodate an employee's disability, the employer's obligation does not extend so far as to impose an undue burden on the employer. Id. Like the district court, we conclude that allowing Morrissey to telecommute would have imposed an undue burden on General Mills.

General Mills employed two inventory accountants who together processed an estimated 2600 invoices each month. As a standard accounting practice, only original invoices with original signatures were paid. If Morrissey were to have telecommuted, a courier would have had to deliver hundreds of invoices to Morrissey's home each week, likely making multiple trips per day because of the several-step accounting process. Even if only one or two trips were made each day, however, the regular use of a courier would have required General Mills to hire someone part-time to perform these duties. General Mills is not required to hire an additional employee to accommodate another employee's disability. See id. at 832. Further, the use of a courier would have created certain risks, most importantly the possible "disclosure of confidential, proprietary information." Morrissey v. General Mills, Inc., Civil No. 00-62, slip op. at 7 (D. Minn. Oct. 3, 2001). General Mills is not required to risk compromising the confidentiality of internal information to accommodate an employee's disability. See, e.g., Hypes v. First Commerce Corp., 134 F.3d 721, 726 (5th Cir. 1998) (confidential documents could not be removed from the office and thus the employee was expected to review the documents at the office). Finally, the invoices would need to be logged out and then logged back in, creating several hours' additional work each week for the only other inventory clerk. We agree with the Tenth Circuit that "[a]n accommodation that would result in other employees having to work harder or longer hours is not required." Milton v. Scrivner, Inc., 53 F.3d 1118, 1125 (10th Cir. 1995) (citing 29 C.F.R. § 1630.2(p)(2)(v)).

The parties also dispute whether Morrissey can sue under the ADA and MHRA even though she receives disability benefits. We need not decide this question having considered Morrissey's claims on the merits and affirmed the district court's grant of summary judgment.

Finally, Morrissey contends General Mills violated the ADA because it did not engage with her in an interactive process to accommodate her disability. We have already discussed General Mills's continued efforts to evaluate Morrissey's request

to telecommute. Having decided Morrissey failed to show a genuine issue of material fact regarding reasonable accommodation, we also reject her claim based on the interactive process argument. <u>See</u> <u>Heaser</u>, 247 F.3d at 832.

For the reasons stated above, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.